UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL BOUSHIE,

                                          **Plaintiff,**

-against-                                                    06-CV-1289

U.S. INVESTIGATIONS SERVICE, LLC and
KAREN GONIEA, DISTRICT MANAGER,

                                          **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

      Plaintiff Paul Boushie commenced this action in the New York State Supreme County, St. Lawrence County, against his former employer, U.S. Investigations Service, LLC, and the employer's District Manager, Karen Goniea. See Compl. attached to Def. Not. of Removal [dkt. # 1]. Plaintiff asserts three causes of action in the Complaint. The First Cause of Action asserts claims of state law defamation based on five separate defamatory statements. Id. The Second Cause of Action asserts a general claim of age discrimination (i.e., Plaintiff does not identify the statute under which the Second of Action is brought). Id. The Third Cause of Action asserts a claim of age discrimination under New York Executive Law Section 296. Id. Defendants removed the action to this Court

1

based upon diversity jurisdiction. See Not. of Removal.

Defendants move to dismiss the action pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that the three Causes of Action fail to state a claim upon which relief may be granted. Plaintiff cross-moves pursuant to FED. R. CIV. P. 15(a) for leave to file an amended complaint. Plaintiff's proposed Amended Complaint withdraws the original Second Cause of Action, but retains the First Cause of Action for defamation and the Third Cause of Action for age discrimination under New York Executive Law Section 296 (which is now captioned as the Second Cause of Action). Defendants oppose the cross-motion asserting that amendment would be futile because the proposed Amended Complaint fails to cure the deficiencies in the original Complaint.

## II. STANDARDS OF REVIEW

### a. Amendment of Complaint Under Rule 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  Leave is not, however, automatic, and may be denied for good cause "such as . . . futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).  "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." Lamb v. Henderson, 1999 WL 516271, at *2 (S.D.N.Y. Aug. 9, 1999)(citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979)).  A court, therefore, is justified in denying an amendment that could not withstand a motion to dismiss. Id. (internal citations omitted); see also Ruffolo v. Openheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)(where granting leave to amend is unlikely to be productive it is not

an abuse of discretion to deny leave to amend).

Since Plaintiff professes to cure any asserted deficiencies contained in the original Complaint by way of the proposed Amended Complaint, the allegations of the proposed Amended Complaint will be tested against the Rule 12(b)(6) standard.

### b. Motion to Dismiss Under Rule 12(b)(6)

A motion under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims pleaded in the complaint. As the Supreme Court has held, "a complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quoting FED. R. CIV. P. 8(a)). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514.

On a Rule 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). "Further, the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff." Tomayo v. City of N.Y., 2004 WL 137198, at * 5 (S.D.N.Y. Jan. 27, 2004)(citing Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)). The complaint

3

must allege sufficient facts that would make the pleaded legal theories plausible. See Twombly v. Bell Atlantic Corp., 425 F.3d 99, 111 (2d Cir. 2005). However,

> 'sweeping legal conclusions cast in the form of factual allegations' do not suffice to state a claim even at the Rule 12(b)(6) stage. 5A Charles Alan Wright *et al.,* FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990). 'While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.'

Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp., 309 F.3d 71, 74 (2d Cir. 2002).

In deciding a Rule 12(b)(6) motion, review "is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004)(citations omitted). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003)(citation omitted), or where the complaint fails as a matter of law. Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

### III. DISCUSSION

#### a. Defamation Claims

The proposed Amended Complaint consists of 28 paragraphs relevant to the First Cause of Action. See proposed Am. Compl. ¶¶ 1–28. In this regard, the First Cause of Action asserts five (5) separate claims for defamation. Id. Plaintiff contends that Defendant Goniea, or an agent of Defendant U.S. Investigations Service, LLC, falsely

4

stated: (1) in a September 27, 2005 letter to Plaintiff that Plaintiff was "stat padding"; (2) in an October 31, 2005 letter[1] that Plaintiff had falsified records relevant to his employment as a background investigator; (3) in oral or written communications made between October 31, 2005 and November 28, 2005 to an employee of the Unites States Office of Personnel Management (OPM) that Plaintiff had falsified records; (4) in oral or written communications made between October 31, 2005 and November 28, 2005 to a second OPM employee that Plaintiff had falsified records; and (5) in an oral statement made on January 18, 2006 to an employee of the New York State Department of Labor that Plaintiff had falsified records. See proposed Am. Compl. ¶¶ 12– 15, 17, 20–25.  Plaintiff further contends that "defendant knew that these acts . . . would have long lasting and harmful effects on the plaintiff's reputation [and would] prevent plaintiff from securing future employment."  Proposed Am. Compl. ¶ 27.

"Under New York law, the elements of a defamation claim are 'a false statement, published without privilege or authorization to a third party, constituting fault ... and it must either cause special harm or constitute defamation *per se*.'" Peters v. Baldwin Union Free School Dist., 320 F.3d 164, 169 (2d Cir. 2003)(quoting Dillon v. City of New York, 261 A.D.2d 34, 704 N.Y.S.2d 1, 5 (1999)). Defendants contend that Plaintiff's claims of defamation each fail to satisfy one or more of these elements.

With regard to the first two sources of claimed defamation, the written statements, Defendants contend that Plaintiff has failed to allege that Defendants published these statements to any third parties. To the contrary, however, Plaintiff asserts in the proposed

---

[1] The proposed Amended Complaint does not identify to whom this letter was sent.

Amended Complaint that "defendants and Karen Goniea published these allegations to certain third parties." Proposed Am. Compl. ¶ 20. This contention is seemingly directed at the allegations concerning the September 27, 2005 and October 31, 2005 letters. Assuming for purposes of this motion that Plaintiff can establish that these two letters were published to third parties, the claims arising from the two letters are not subject to dismissal for lack of publication.

Next, Defendants contend that the third and fourth sources of purported defamation, statements to OPM employees, are not actionable because they are statements of opinion. The argument is without merit. A reasonable fact finder could conclude that these were not statements of opinion, but rather statements of fact. Whether Plaintiff falsified documents seemingly is a fact that could be verified, and, therefore, could be deemed not a matter of opinion.

Defendants also assert that the third and fourth sources of purported defamation are not actionable because they fall within the ambit of a qualified privilege protecting statements made between parties who share a common interest. The argument, while perhaps ultimately successful, cannot be determined on this motion because the nature of the relationship between Defendants and OPM cannot be discerned from the allegations in the Amended Complaint. A reasonable fact finder could determine that the parties between whom these communications were made did not share a common interest, and therefore, could conclude that a qualified privilege did not exist.

Additionally, as Defendants note in their Reply Memorandum, to overcome the shield of a qualified privilege a "[p]laintiff must plead facts showing that the statement was made with a high degree of awareness of its probable falsity, or the defendant entertained

6

serious doubts as to the truth of the publication." <u>Hawkins v. City of New York</u>, 2005 U.S. Dist. Lexis 15898, *52 (S.D.N.Y 2005)(citing <u>Liberman v. Gelatin</u>, 80 N.Y.2d 429,438 (1992)); see also <u>Def. Reply Mem. of Law in Further Supp. of Their Mot. to Dismiss Pl.'s Compl</u> at 7.  Plaintiff alleges that Defendants knew that the statements were false but made them with malice nonetheless. <u>See</u> Proposed Am. Compl. ¶¶ 17-19, 28.  As such, a reasonable fact finder could conclude that, even if the claimed qualified privileges existed, Plaintiff defeated the protection of the privileges by demonstrating that the speaker or writer of the statements acted with malice and with a high degree of awareness of the falsity of the statements.

For the first four sources of defamation, Plaintiff's assertions are sufficient to establish cognizable defamation claims. <u>See</u> <u>Peters</u>, 320 F.3d at 164, 169. For these four sources, Plaintiff identifies specific, injurious, false statements made by the named defendants and publication of these statements to third parties without privilege or authorization.  Therefore, these four sources of asserted defamation are not subject to dismissal under Rule 12(b)(6).

However, for the fifth source of defamation, statements to a New York State Department of Labor employee, Plaintiff does not state a claim upon which relief can be granted.  As the allegations of the proposed Amended Complaint make clear, the statements to the New York State Department of Labor employee were made in the course of the New York State Department of Labor employee's official duties.  Statements made to an employee of the Department of Labor in this context are absolutely privileged under New York law. <u>Allen v. St. Cobrini Nursing Home</u>, 2001 WL 286788 at *6 (S.D.N.Y. March 9, 2001), <u>aff'd</u> 64 Fed. Appx. 836 (2d Cir. 2003), <u>cert. denied</u>, 540 U.S. 1154

7

(2004)(finding that statements made to Department of Labor are subject to absolute privilege).  Therefore, the claim premised upon these statements is not actionable as a matter of law and adding this claim would be futile.

### b. Age Discrimination

The original Second Cause of Action has been withdrawn by Plaintiff, and, therefore, Defendants' motion to dismiss this cause of action plead in the original Complaint is denied.

The Second Cause of Action in the proposed Amended Complaint asserts, *inter alia*, that Defendants repeatedly treated younger employees more favorably than he was treated and that, despite Plaintiff's satisfactory job performance, Defendants terminated his employment and hired a younger worker as a replacement. See Proposed Am. Compl. ¶¶ 30–34. New York Executive Law § 296(1)(a) makes it an "unlawful discriminatory practice [f]or an employer . . . because of the age . . . [or] sex . . . of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

> A party alleging discrimination in employment must demonstrate that he/she is a member of the class protected by the statute, that he/she was discharged from employment or barred from a position for which he/she was qualified or paid less in such position and that his/her discharge, exclusion from employment, or receipt of lower wages occurred under circumstances giving rise to an inference of age or sex discrimination (see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668; Ferrante v. American Lung Assn., 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 687 N.E.2d 1308; Mandell v. County of Suffolk, 316 F.3d 368, 377 [2d Cir. 2003]).  Once a plaintiff demonstrates, by admissible evidence, a prima facie case of discrimination, the burden shifts to the defendant to provide "some legitimate, nondiscriminatory reason for the [plaintiff's] rejection" (McDonnell

8

Douglas Corp., 411 U.S. at 802, 93 S.Ct. 1817).

Kent v. Papert Companies, Inc., 309 A.D.2d 234, 242 (1st Dept. 2003).

The Second Cause of Action found in the proposed Amended Complaint states a legally cognizable claim for age discrimination under New York Executive Law Section 296(1)(a). Therefore, Defendants' motion to dismiss this cause of action is denied and Plaintiff's cross-motion to file an Amended Complaint asserting this cause of action is granted.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's complaint is **GRANTED IN PART and DENIED IN PART**. In this regard, Defendants' motion is **GRANTED** inasmuch as the claim of defamation premised upon statements made to a New York State Department of Labor employee is **DISMISSED.** Defendants' motion is, in all other respects, **DENIED.**

Plaintiff's cross-motion to amend the complaint is **GRANTED IN PART and DENIED IN PART**. Plaintiff is **GRANTED leave** to file an Amended Complaint consistent with the proposed Amended Complaint *except* inasmuch as the proposed Amended Complaint alleges a defamation claim based upon statements made to a New York State Department of Labor employee. Leave to amend as to the claim of defamation based upon statements made to a New York State Department of Labor employee is **DENIED**. Plaintiff shall, within ten (10) days of the date of this Decision and Order, file and serve an Amended Complaint consistent with this Decision and Order.

**IT IS SO ORDERED**

DATED: February 20, 2007

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge